**STATE of Tennessee, Appellee,**

v.

**Samuel MINGLEDORFF, Appellant.**

Court of Criminal Appeals of Tennessee,
at Nashville.

Feb. 27, 1986.

W.J. Michael Cody, Atty. Gen. & Reporter, Kymberly Lynn Anne Hattaway, Paul DeWitt, Asst. Attys. Gen., Nashville, for appellee.

Luther E. Cantrell, Jr., Nashville, for appellant.

OPINION

O'BRIEN, Judge.

This is an appeal by Samuel Mingledorff from a judgment in the Davidson County Criminal Court finding him guilty of driving under the influence. He was sentenced to eleven (11) months and twenty-nine (29) days in the Workhouse, plus a Two Hundred Fifty Dollar ($250) fine. All but ten (10) days of the sentence was suspended.

Two issues are raised by one of which defendant insists the charging instrument should have been dismissed because it was not identified as either an indictment or a presentment or, in the alternative, it was a presentment drawn in the form of an indictment and not signed by all the members of the Grand Jury.

Article 1, Sec. 14 of the Constitution of Tennessee provides, "that no person shall be put to answer any criminal charge but by presentment, indictment or impeachment". There are no specifications or requirements in the Constitution or Code as to the form or manner or method in which a presentment must be made. *Stoots v. State*, 325 S.W.2d 532, 205 Tenn. 59 (1959). T.C.A. § 40-13-101 defines an indictment as an accusation in writing presented by the grand jury of the county, charging a person with an indictable offense. T.C.A. § 40-13-201 sets out that an indictment must contain, in the caption or its body, the name of the state, county, and court, and term in at which it is preferred, and must

conclude "against the peace and dignity of the State of Tennessee". The indictment must also state the facts constituting the offense in ordinary and concise language. Beyond that, there is no requirement that anywhere within its four corners it must state that it is an indictment. The form of the instrument alone distinguishes it from a presentment, which is signed by all twelve members of the Grand Jury. Otherwise the words are interchangeable. See T.C.A. § 40–13–101. An indictment, when found by the Grand Jury, and endorsed according to the statutes, shall be *presented* by the foreman, in their presence, to the court, and filed by the clerk. T.C.A. § 40–13–108. There is no merit to defendant's complaint and the issue is overruled.

Defendant's contention that he was entitled to confer with counsel prior to taking a breathalyzer or blood test, to determine the alcohol content in his blood, or the issuance of an arrest warrant, is also without merit and must be overruled.

 In summary the evidence shows, at the time of defendant's conceded arrest by the police officer on the highway he was requested to take the appropriate chemical test to determine the alcohol or drug content of his blood. He declined to do so without first consulting his attorney. We note, first of all, that no test was taken and no evidence was admitted against him either at his preliminary hearing, or at trial, pertaining to the result of any such chemical test. Moreover, in *State v. Mitchell,* 593 S.W.2d 280, 286 (Tenn.1980), our Supreme Court held that the right to counsel attaches when adversary judicial proceedings are initiated. Initiation is marked by formal charge, which the court construed to be an arrest warrant. Defendant was not denied any constitutional right to counsel in this case.

The judgment of the trial court is affirmed.

DUNCAN, J., and TEMPLETON, Special Judge, concur.